MARTIN *v*. STATE.

Opinion delivered June 10, 1893.

*Incest—Indictment.*

An indictment of a father for incest committed by *adultery* with his daughter is defective if it fails to allege that the father was at the time a married man.

Appeal from Logan Circuit Court.

HUGH F. THOMASON, Judge.

The appellant *pro se.*

The indictment is not sufficient, and the demurrer should have been. sustained. It charges "adultery" without alleging that either of the parties was married. 56 Ind. 263; 26 Am. Rep. 21; 58 N. H. 331; 6 Gratt. (Va.) 673; 2 Dall. (Pa.) 124.

*James P. Clarke*, Attorney General, for appellee.

BUNN, C. J. The defendant, Joe Martin, was indicted in the circuit court of Logan county, at its August term, 1891, for the crime of incest, charged to have been committed with his daughter, Mattie Martin, on May 10, 1891. He was tried and convicted at the January term, 1893, and sentenced accordingly to imprisonment for three years in the penitentiary.

A demurrer to the sufficiency of the indictment was. filed and overruled, and exceptions noted. A motion for a new trial after verdict was filed, containing five several grounds. The motion for new trial was overruled, and exceptions noted.

The demurrer raises the question of the sufficiency of the indictment, and as, in our view, the disposition of this question will necessitate a remanding of the case, we will dispose of it only.

This prosecution was instituted under section 1578 of Mansfield's Digest, which reads as follows, to-wit: "Persons marrying who are within the degrees of consanguinity within which marriages are declared by law to be incestuous, or void absolutely, or who shall commit adultery or fornication with each other, shall be deemed guilty of incest."

Section 1579 fixes the punishment, in case of conviction, by imprisonment in the penitentiary for any period not less than three nor more than ten years.

The indictment charges the crime of incest, and that the same was committed as follows, to-wit : "The said Joe Martin, on the 10th day of May, 1891, in the county aforesaid, then and there being the father of Mattie Martin, a woman, unlawfully, wickedly and feloniously did commit adultery to and with the said Mattie Martin and did then and there feloniously and incestuously carnally know her the said Mattie Martin, child and daughter as aforesaid of him the said Joe Martin."

The demurrer, being a general demurrer, does not specifically point out the defects in the indictment, neither is any defect therein referred to in the brief and argument of counsel for defendant, and we are therefore compelled to discover such defects for ourselves. as we are able to do.

It will be observed that it is alleged in the indictment that the defendant committed the crime by the act of adultery with his daughter, without it being alleged that either the defendant or his daughter was, or that both were, married or unmarried.

In *State* v. *Fritts*, 48 Ark. 66, this court say : "A party indicted for the crime of incest committed by fornication cannot be convicted, unless it is both alleged and proved that he was unmarried at the time specified in the indictment."

In that case fornication and adultery are in effect defined as in the standard law dictionaries of the times, (see Burrill, Anderson's, Black, Rapalje and Bouvier), and by the weight of authorities otherwise (see notes to *Hood v. State*, 26 Am. Rep. 21.) Where both are unmarried, their sexual intercourse is fornication. Where both are married, and not to each other, their sexual intercourse is adultery. And when one is married and the other unmarried, their sexual intercourse is adultery of the married one, and fornication of the unmarried one.

whichever is the subject of the charge. Therefore, if the defendant is guilty of the crime of incest by having committed adultery with his daughter, every allegation necessary to charge him with adultery should be made in the indictment, and the allegation that he was a married man at the time is a necessary allegation, as the allegation that he was an unmarried man would have been necessary had he been charged with the crime of incest by having committed fornication with his daughter.

A particular description of the specific act which constitutes the crime of incest, when committed by parties within the prohibited degrees, as well as the status of the party charged, seems to be insisted upon in all the authorities, by practice at least. It is probably well, after all, to adhere to the rule laid down in the case of *State* v. *Fritts*, 48 Ark. *supra*, however technical it may seem.

This will also answer one of the objections to the five instructions given by the court below, at the request of the prosecution.

We deem it unnecessary to dispose of the issues raised by the motion for a new trial.

For its error in overruling the demurrer to the indictment, the judgment of the Logan circuit court is reversed, and this cause is remanded with directions to sustain the demurrer and for further proceedings in accordance herewith.