### EDDY *v*. STATE.

### Opinion delivered June 30, 1924.

1. INTOXICATING LIQUORS—UNLAWFUL SALE—SUFFICIENCY OF EVIDENCE.—Evidence *held* to sustain a conviction of selling intoxicating liquors in violation of the laws of the State.

2. CRIMINAL LAW—CONCLUSIVENESS OF VERDICT.—The verdict of a jury in a criminal case will not be disturbed where the evidence is legally sufficient to support it.

3. CONTINUANCES—DISCRETION OF TRIAL COURT.— Continuances in criminal as well as in civil cases are in the sound discretion of the court, and a refusal to grant a continuance is never ground for a new trial unless it clearly appears to have been an abuse of such discretion and manifestly operates as a denial of justice.

4. CONTINUANCES—ABUSE OF DISCRETION—BURDEN OF PROOF.—Where accused did not ask for postponement of the case for absence of a witness, but asked for a continuance for the term, and made no showing as to any probability of securing his attendance at any time in the future, no abuse of discretion in denying the continuance was shown.

5. INTOXICATING LIQUORS—UNLAWFUL SALE—INSTRUCTIONS.—In a prosecution for unlawfully selling intoxicating liquors, there

was no conflict between an instruction that the allegation in the indictment as to the time of the sale was immaterial if the sale was made within three years, and another that the State was required to prove that the sale was made on a certain occasion relied upon by the State.

6.  CRIMINAL LAW—CORROBORATION OF ACCOMPLICE.—As the purchaser of liquor is not an accomplice of the seller, it is not necessary that his testimony be corroborated.

Appeal from Conway Circuit Court; *J. T. Bullock,* Judge; affirmed.

*Eades & Eddy,* for appellant.

*J. S. Utley,* Attorney General, and *John L. Carter,* Assistant, for appellee.

HART, J. J. D. Eddy prosecutes this appeal to reverse a judgment and sentence of conviction against him for the offense of selling intoxicating liquors, in violation of the laws of the State.

J. A. Patterson was the principal witness for the State. According to his testimony, some time in the summer of 1923 he purchased a half of a gallon of moonshine whiskey from Dr. J. D. Eddy at his office in Blackville, Conway County, Arkansas, and paid him $6 for it. He bought the whiskey to be drunk by himself and two companions named Lake Lewis and Bump Overby. Overby furnished the money with which Patterson purchased the whiskey. Patterson said that he was in no sense the agent of Dr. Eddy, and bought the whiskey for himself and his two companions. He never bought any whiskey from Dr. Eddy at any other time and place.

Dr. J. D. Eddy was a witness for himself. According to his testimony, he never sold any whiskey at any time or place to J. A. Patterson.

Other witnesses for the defendant testified that he was not in Blackville on the occasion Patterson claims to have bought the whiskey from him.

The evidence for the State was sufficient to warrant the jury in finding a verdict of guilty. Under the settled rules of this court we cannot disturb the verdict of

a jury where the evidence is legally sufficient to warrant it.

It is earnestly insisted, however, by counsel for the defendant that the court erred in not granting the motion of the defendant for a continuance. In his motion for a continuance the defendant states that Clyde Donald would testify, if present in court, that he was with J. A. Patterson on the occasion on which he testified that he bought the whiskey from the defendant, and would swear that they got the whiskey from some unknown person outside of the town of Blackville, and that they did not buy any whiskey from the defendant on the occasion in question.

The court heard testimony on the motion. It appears from the record that the indictment was returned into court on the 4th day of March, 1924, and the motion for a continuance was filed on the 10th day of March, 1924.

The sheriff of Conway County was not able to find Clyde Donald and to serve a subpoena on him.

According to the testimony of Dr. J. D. Eddy, Clyde Donald was in the county about three weeks before this, looking for work. He was a single man, and had no fixed place of abode. The defendant did not know where he was at this time.

The general rule is that continuances in criminal as well as in civil cases are in the sound discretion of the court, and that a refusal to grant a continuance is never ground for a new trial unless it clearly appears to have been an abuse of such discretion and manifestly operates as a denial of justice. *Allison* v. *State,* 74 Ark. 444, and *Wood* v. *State,* 159 Ark. 671.

It will be noted that the defendant did not ask for a postponement of the case, but asked for a continuance for the term. The absent witness had no fixed place of abode, and it is not shown that there was any probability of securing his attendance at any time in the future. The burden was upon the defendant to show an abuse of discretion of the trial court in refusing to grant him a

continuance, and this he failed to do. It follows that this assignment of error is not well taken.

The next assignment of error is that the court erred in not excusing for cause juror Guinn. The juror on his *voir dire* stated that he could go into the jury-box and try the defendant according to the law and the evidence, just as he could try him for any other crime. He had said previously that he had a prejudice against the crime of whiskey selling, but none whatever against the defendant. He testified in positive terms that he could give the defendant a fair trial, according to the law and the evidence, and that he had no feeling against him personally because he was charged with the crime of selling whiskey in violation of the statute.

Under the uniform decisions of the court, the circuit court was right in holding that the juror was qualified.

The next assignment of error is that the court erred in giving conflicting instructions to the jury. The instructions complained of are Nos. 10 and 11. These instructions are as follows: "10. Gentlemen of the jury, the indictment in this case charges that the sale was made on the 10th day of June, 1923. The court instructs you that that allegation as to the particular date is immaterial, and if you believe from the evidence that the sale was made at any time by Dr. J. D. Eddy to the witness, J. A. Patterson, at any time within three years before the finding of this indictment, you will find the defendant guilty by your verdict."

"11. Gentlemen of the jury, you are further instructed that the State in this particular case relies upon a sale by Dr. J. D. Eddy to the witness, J. A. Patterson, on the occasion when Bump Overby of Cabin Creek and Lake Lewis of Atkins were with him at Blackville, and, unless you find him to have made a sale on an occasion when they were with him at Blackville, your verdict should be for the defendant. If you find that he did make a sale on such occasion, your verdict would be for the State, finding him guilty."

There is no conflict whatever in the instructions. The prosecuting witness had testified that he bought the whiskey from the defendant some time in the summer of 1923. The indictment was returned in March, 1924. The object of instruction No. 10 was to tell the jury that the date of the commission of the crime was immaterial, provided that it was committed at any time within three years before the finding of the indictment. The object of instruction No. 11 was to advise the jury that the State relied upon only one sale, and that was the occasion testified to by the prosecuting witness in the summer of 1923. This instruction was favorable to the defendant in narrowing the consideration of the jury to the one occasion in question. When the two instructions are read together, they are rather explanatory than contradictory of each other. The court, in substance. and effect, told the jury that it must confine its consideration to the one occasion testified to by the prosecuting witness, but that the date when it occurred was immaterial, provided it was within the period of limitations prescribed by the statute.

The next assignment of error is that the court erred in refusing to give instruction No. 10 asked by the defendant. The instruction reads as follows: "Testimony has been offered in this case tending to show, if believed by you, that the prosecuting witness bought whiskey or liquor from the defendant (if you should find beyond a reasonable doubt that he did so buy), that he was a go-between, who took the liquor and gave it to other witnesses who testified in this case, and to other persons along the highway, in this county; if you should find from the testimony offered in this case that J. A. Patterson was such a go-between to take liquor from the defendant and peddle it out to others, then he would be what is known in law as an accomplice, and you could not convict the defendant upon his uncorroborated testimony. In other words, the law will not allow you to convict a man upon the uncorroborated testimony of a person who

is directly or indirectly interested in the perpetration of the offense, unless corroborated by other testimony tending to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows that an offense was committed and the circumstances thereof. There must be other evidence tending to connect the defendant with the commission of the offense.''

There was no error in refusing to give this instruction. This court has held that the penalty of the statute is directed against the seller and not the purchaser, and that one who assists the purchaser in procuring the liquor is not an accomplice of the seller, and that therefore it is not necessary that his testimony should be corroborated. *Wilson* v. *State,* 124 Ark. 477.

According to the testimony of the defendant and his witnesses, he did not sell any liquor at any time or place to the prosecuting witness. According to the testimony of the prosecuting witness, he was in no sense interested in the sale of the liquor, but acted solely as the purchaser. Therefore there was no testimony upon which to predicate an instruction upon the alleged fact that the prosecuting witness acted as a go-between in the matter.

There is no reversible error in the record, and the judgment must be affirmed.