GRAHAM *v.* STATE.

Opinion delivered February 13, 1928.

1. CRIMINAL LAW—CONTINUANCE—ABSENT WITNESS.—Denial of a motion for continuance was not an abuse of discretion, where there was no showing that the attendance of an absent witness could be procured by the next term of court.

2. CRIMINAL LAW—EXCLUSION OF EVIDENCE—SUBSEQUENT ADMISSION. —Exclusion of competent testimony was cured by its subsequent admission.

3. HOMICIDE—DECEASED'S REPUTATION OF CARRYING PISTOL.—Testimony that deceased had the reputation of carrying a pistol was inadmissible, since his general reputation for being violent or turbulent was admissible, but not his reputation for any particular unlawful act.

Appeal from Ouachita Circuit Court, First Division; *L. S. Britt*, Judge; affirmed.

*L. B. Smead, Dexter Bush* and *R. K. Mason*, for appellant.

*H. W. Applegate*, Attorney General, and *Darden Moose*, Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted in the circuit court of Ouachita County, First Division, for murder in the first degree for shooting and killing T. N. Madden. Upon the trial of the cause he was convicted of murder in the second degree, and, as a punishment, was adjudged to serve a term of twenty-one years in the State Penitentiary, from which is this appeal.

A reversal of the judgment is sought upon two assignments of error, the first being the refusal of the court to grant appellant's motion for a continuance, and the second, the exclusion of certain evidence.

(1). It was alleged in the motion for a continuance that appellant could prove by James Cooper, if present, that he heard deceased threaten to take the life of appellant, and that, prior to the killing, he informed him of the threat; that he procured a subpoena for the witness, upon which a *non est* return was made. The motion did not state that the witness was within the jurisdiction of the court, or that he could be procured as a witness

by the next term thereof. It is not an abuse of discretion to deny a motion for continuance for the term unless it is shown that the attendance of the witness can be procured by the next term of court. *Eddy* v. *State,* 165 Ark. 289, 264 S. W. 832; *Harris* v. *State,* 169 Ark. 627, 276 S. W. 361.

(2). A few days before the killing, complaint was made by appellant to the mayor of the town, E. H. Timmons, about the children of deceased imposing upon his children, with the request to the mayor that he see the deceased and prevail upon him to assist him in quelling the disturbance between the children. When the mayor made the request, deceased assumed a hostile attitude to both the mayor and appellant. Appellant sought to show the demeanor of the deceased, and the court refused to allow the witness to answer relative to the demeanor of deceased, over the objection and exception of appellant. Immediately thereafter the court stated the witness might testify to anything that was of a threatening nature.

The appellant then asked the following questions and obtained the following answers thereto:

"Q. State to the court and jury what his demeanor was which gave you the impression that it was a threat? A. After I informed him that Mr. Graham had asked me to take the matter up with him and talk it over with him, he got angry, and grew more hostile as the conversation progressed, and I told him that I only came as a peacemaker, and I told him that if I could not be of any assistance I would withdraw. Q. Was he angry at you or the defendant? A. He appeared to take some offense at my coming there. Q. Well, how about the defendant? A. He took offense at him, too."

The admission of the testimony, after first excluding it, cured the error, if any.

Appellant also complains that the mayor and his wife were not permitted to testify that he advised appellant to avoid deceased. He is mistaken in this assumption. The record reflects that both testified that he (the mayor) told appellant to avoid T. N. Madden.

Appellant also complains that witness Vick was not permitted to testify that deceased had the reputation of carrying a pistol. Vick testified that he had never seen deceased carry a pistol. The rule of evidence is that an accused may prove the general reputation of deceased for being a violent or turbulent person, but not his reputation for committing any particular unlawful act.

Appellant also complains that he was not permitted to tell why he was afraid of deceased. The record reflects that appellant testified as follows:

"Q. Why were you afraid of him  A. The way he was doing and talking to me, and then I went over to Mr. Timmons' office and asked him what Madden said when he talked to him, and he would not tell me, only he said, 'You better shun him'."

No error appearing, the judgment is affirmed.