CARTHEL DEE WILLIFORD *v.* STATE OF ARKANSAS

5706                                         479 S.W. 2d 244

Opinion delivered April 24, 1972

*Carpenter, Finch & McArthur,* for appellant.

*Ray Thornton,* Atty. Gen., by *John D. Bridgforth,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellant Carthel Dee Williford was found guilty of incest and sentenced to 10 years in the Penitentiary. For reversal he contends the trial court erred:

"1. In overruling the demurrer to the information;

2. In allowing appellant to be interrogated about an alleged intercourse with another person;

3. In refusing a continuance to secure a rebuttal witness; and

4. In allowing the prosecutrix to testify to previous acts of intercourse."

I. The information here charged appellant with incest committed as follows:

"The said defendant in Pulaski County, Arkansas, on or about the 24th day of July, 1970, did unlawfully and feloniously engage in sexual intercourse with his fourteen year old daughter, Rhonda Williford, against the peace and dignity of the State of Arkansas."

The statute, Ark. Stat. Ann. § 41-811 (Repl. 1964), under which appellant was charged provided:

"Persons marrying, who are within the degrees of consanguinity within which marriages are declared by law to be incestuous, or void absolutely, or who shall committ adultery or fornication with each other, shall be deemed guilty of incest."

To sustain his demurrer appellant points out that the information is totally lacking in allegations of his marital status and fails to allege either adultery or fornication. In *Martin* v. *State*, 58 Ark. 3, 22 S.W. 840 (1893), a similar demurrer was held good but in so doing, this court recognized that the ruling was somewhat technical. Other courts hold to the contrary and indicate that the rule in *Martin* v. *State* is a minority view. See *Wood* v. *State*, Okla. Cr. App., 116 P. 2d 734 (1941). The technical views set forth in *Martin* v. *State, supra,* have been overruled by Init. Meas. 1936, No. 3, §22, now codified as Ark. Stat. Ann. § 43-1006 (Repl. 1964). In *Underwood* v. *State*, 205 Ark. 864, 171 S.W. 2d 304 (1943), it was pointed out that this section was adopted for the purpose of simplyfing procedure in criminal cases and eliminating superfluous technical defenses. It follows that the trial court properly overruled appellant's demurrer.

II. The trial court did not err in allowing appellant to be asked on cross-examination if he was guilty of

also molesting his step-daughter Janet Williford and in allowing the State to inquire if he had joined in a wife swapping incident. See *Black* v. *State,* 250 Ark. 604, 466 S.W. 2d 463 (1971). While in *Adams* v. *State,* 229 Ark. 777, 318 S.W. 2d 599 (1958), we held similar questions to be improper and highly prejudicial when they were asked without any basis whatever, it cannot be said that the prosecution here had no basis for asking the question relative to Janet Williford and the appellant made no objection to the wife swapping question.

III. Joe Poe, a State witness, testified that he had known appellant fro some time and that in August of 1970, the prosecutrix and her two sisters talked to him about the charge and he advised them to go to the police. On cross-examination appellant's attorney asked him if he had been kicked out of the ministry as a Missionary Baptist preacher because of adultery. Mr. Poe testified that he had not. After the State had rested, appellant moved for a continuance to subpocna certain records of a church at Benton, Arkansas. The trial court refused the continuance and we cannot say under the record here that he abused his discretion in refusing the continuance. See *Eddy* v. *State,* 165 Ark. 289, 264 S.W. 832 (1924).

The prosecutrix testified that appellant had had intercourse with her once or twice a month since she was eleven years of age and that she was fourteen at the time of the occurrence on July 24, 1970. This testimony was properly admitted, see *Wood* v. *State,* 248 Ark. 109, 450 S.W. 2d 537 (1970) and *Adams* v. *State,* 78 Ark. 16, 92 S.W. 1123 (1906).

Affirmed.