Sammy A. WEEMS and Doyle OWEN
*v.* STATE of Arkansas

75-147                                    534 S.W. 2d 753

Opinion delivered March 29, 1976

*Reinberger, Eilbott, Smith & Staten,* for appellants.

*Jim Guy Tucker,* Atty. Gen., by: *Terry R. Kirkpatrick,* Asst. Atty. Gen., for appellee.

OTIS H. TURNER, Special Justice. This appeal is from a

conviction of each of Appellants by a Prairie County Jury on charges of arson and conspiracy.

The transcript on this appeal is limited to proceedings transpiring after conclusion of all the evidence and Appellant asserts as error two narrow issues.

Trial of this cause began on June 16, 1975, and sometime in late afternoon on June 19, the case was submitted to the jury. Being unable to reach a verdict, Court was recessed until the morning of June 20th. The jury retired on that morning to resume its deliberation and after some three hours, reported deadlocked at 10-2, with no indication whether the numerical majority was for conviction or acquittal.

After recess for lunch and prior to resumption of deliberation, the following exchange occurred between the Court, the Foreman of the jury and Counsel for defendants:

"FOREMAN: Sir, what are the penalties for arson?

THE COURT: . . . Not less than one and no more than ten years. Would Counsel approach the bench? (at Bench and out of hearing of jury) would you like me to instruct them that while the Court is not bound to follow the recommendations, that should they return a verdict, they can recommend anything thay want to by interlineation?

COUNSEL: . . . Alright.

THE COURT: . . . Do you want me to, at the same time, instruct them that, if they agree on guilt and cannot agree on punishment, the Court will receive such a verdict?

COUNSEL: I don't want you to.

THE COURT: I kinda thought you wouldn't. (to Jury) It has been agreed by Counsel that the Court might instruct you to this effect. While the Court is not bound to follow a recommendation that a jury makes, the jury

does have the right, if you choose, to make any recommendation that you want to on a verdict form, simply by interlining anything . . . if you have any other questions, we can take them up now.

FOREMAN: We are not bound to that are we, to fill in the years, number of years in the penalty?

THE COURT: Now will Counsel approach the bench? (at bench) There isn't but one way to answer that question and I didn't invite it.

COUNSEL: No, but I am going to have to object if you answer it.

THE COURT: . . . Overrule. (to Jury) The answer to your question is this: Under the law, in the State of Arkansas, if a jury cannot agree on a punishment but can agree on guilt, a trial Judge may receive such a verdict and then he fixes the punishment . . .

FOREMAN: If we fix the penalty, is that to be unanimous, too?

THE COURT: Right . . . "

After some three hours of further deliberation, the jury returned a verdict of guilt as to both defendants, *without* recommendation as to punishment.

This instruction by the trial Court at a time *prior* to a finding of guilty by the jury, and over timely objection, constitutes reversible error.

The Arkansas Statute on this point provides that "When a jury find a verdict of guilty, and fail to agree on the punishment to be inflicted . . . the Court shall assess and declare the punishment . . . ". Ark. Stat. Ann. Sec. 43-2306.

In considering when it would be proper to so instruct the jury, this Court, in *Ward* v. *State*, 236 Ark. 878, 370 S.W. 2d 425, 426 (1963), laid down the following rule while holding that submission otherwise would be error:

"Thus, it appears, we have not previously announced any required rule in this regard to guide the trial Courts. After careful consideration, we now hold that the jury should not be told initially they can let the Court impose the punishment but should be told only *after* they report they have reached a verdict of guilty but are unable to agree on the punishment to be imposed."

Since a reversal is dictated by the untimely giving of the instruction, it is not necessary to consider Appellants' second point for reversal.

The judgment is reversed and the cause remanded.

HOLT, J., not participating.