Carmen Ruth BURNETT and Samuel Edward
DAVID, Jr. *v.* STATE of Arkansas

CR 77-22 · 556 S.W. 2d 653

Opinion delivered September 26, 1977
(Division I)
[Rehearing denied November 14, 1977.]

*Jack Holt, Jr.,* for appellant Carmen Ruth Burnett.

*Bob Frazier,* for appellant Samuel Edward David, Jr.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty.

**236**

Gen., for appellee.

DARRELL HICKMAN, Justice. Carmen Ruth Burnett and Samuel Edward David, Jr. were convicted in the Garland County Circuit Court of four counts of robbery by use of a firearm. Both received prison sentences.

Their cases were consolidated for trial, and come to us consolidated, although Burnett and David conducted separate trial defenses and appeal separately.

We find no merit to Burnett's appeal, but reverse and remand David's case.

David, who did not testify during the trial, alleges five errors on appeal, only one of which has merit. He moved for a severance of the offenses and a severance of his and Burnett's trial. We find no abuse of discretion in the court denying these motions. We do not find any error in the court refusing to give an instruction which would have declared Burnett an accomplice to the robberies, because she never admitted her guilt and maintained her innocence throughout the trial. We do, however, agree with David's argument that the court improperly refused to instruct the jury that his failure to take the witness stand could not be used as evidence by the jury in determining his guilt or innocence. It is reversible error for a trial court to refuse to give such a requested instruction. *Cox v. State,* 173 Ark. 1115, 295 S.W. 29 (1927). Therefore, as to David, we reverse. The trial court felt the instruction would simply call attention to David's failure to testify and might harm his cause. The dilemma often created by joint trials cannot be solved by compromising the rights individuals have when afforded a separate trial.

We find no error in Burnett's case. She alleges three errors: The first two deal with the trial court's refusal to grant severed trials on the robbery charges and to sever her trial from David's. Burnett failed to move before the trial for severance of defendants or of offenses. Thus the objection is waived. Rules of Crim. Proc., Rule 22.1 (a) (1976).

The third allegation of error is that the trial court should

have granted her motion for a directed verdict because the evidence against her was merely the uncorroborated testimony of accomplices. This argument is without merit. It is true that the uncorroborated testimony of an accomplice will not sustain a conviction. Ark. Stat. Ann. § 43-2116 (Repl. 1964); *Henson* v. *State,* 248 Ark. 992, 455 S.W. 2d 101 (1970). However, we find sufficient evidence besides that of the two robbers which connects Burnett with these crimes.

The state's direct evidence against Burnett and David was mainly the testimony of two brothers, Robert Lee Russell and Noah Wayne Russell. The Russell brothers, the nephews of David, pled guilty to the four robberies and were sentenced to prison terms. Both of them have previous felony convictions. Essentially, these brothers testified that they were asked by David to come to Arkansas from California on behalf of a "lady" to rob some people of diamonds and valuables. They claimed that Burnett furnished them a place to stay, vehicles, a gun, identified the victims and told them what valuables the victims possessed. They performed three separate robberies at the residences of the victims, robbing several people. They testified that they turned over to Burnett and David valuables, including several large diamond rings, for which they received money. They claimed they kept some of the valuables.

Burnett's testimony was, of course, in conflict with that of the brothers. She testified that she did not question some of David's, or some of his friends' actions, because she intended to marry David. She had loaned him a large sum of money to help him get a divorce. As to the comings and goings of the Russell brothers, however, she claimed that she did not know them, their business or their intentions. They were simply acquaintances of David.

She admitted that she met the two brothers at the Little Rock Airport with David, took them to her home in Hot Springs and provided them a place to stay. She had known two of the victims for many years and knew they possessed large diamond rings. She admitted she called one of the victims on the phone on the morning of the robbery at David's request. She said she was asked to inquire if the house was for

sale. She admitted that she had ordered and paid for airline tickets for the two brothers whom she knew by other names. She steadfastly denied her guilt or implication in the robberies.

However, there was other evidence that connected Burnett to these robberies. It is undisputed that she pawned an unset diamond of over two carats on the 23rd of December, 1974. The diamond pawned was similar to a diamond claimed to have been stolen from one of the victims on December the 9th.

One of the victims testified that she kept in her possession a gray box, similar to a lockbox, which contained a great deal of money. She stated that only her husband and Burnett knew of the existence of the box. One of the robbers found a box similar to the lockbox in the victim's house and stated, "No, this isn't it; there is nothing in there."

The robbers testified that Burnett furnished them with a .22 calibre Ruger automatic pistol to use in the robberies. Burnett had at one time kept a .22 calibre pistol similar to, if not a Ruger, in her home. At her first trial, which resulted in a mistrial, she denied that she had any gun in her home. She admitted at this trial that she had previously lied about having this gun. Her explanation was that she wanted to protect a friend who loaned her the gun. She stated the gun was discovered missing sometime in December, the year of the robberies.

These and other circumstances connected Burnett to the robberies and we cannot say, after reviewing the record, that the evidence is insufficient to corroborate the testimony of the two accomplices. Therefore, we will affirm her conviction.

Reversed and remanded as to Samuel David, Jr.

Affirmed as to Carmen Ruth Burnett.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and ROY, JJ.