Doyle E. OWEN *v.* STATE of Arkansas

CR 77-186                                    565 S.W. 2d 607

Opinion delivered May 22, 1978
(In Banc)

494

*Richard D. O'Brien,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant won reversal of

his conviction of both arson and conspiracy to commit a felony in *Weems & Owen* v. *State*, 259 Ark. 532, 534 S.W. 2d 753. Thereafter, his case was severed from that of a codefendant, Weems. On separate retrial, he was again convicted of both crimes.

On appeal, he asserts the following grounds for reversal:

I

THE COURT ERRED IN OVERRULING THE MOTION TO DISMISS BASED ON THE THEORY OF RES ADJUDICATA AND COLLATERAL ESTOPPEL.

II

THE COURT ERRED BY REFUSING TO REVOKE THE APPOINTMENT OF THE SPECIAL PROSECUTOR.

III

THE COURT ERRED IN ITS REFUSAL TO QUASH THE INDICTMENT CHARGING CONSPIRACY.

IV

THE COURT ERRED IN HEARING THE CASE BECAUSE THE JUDGE LACKED JURISDICTION.

V

THE COURT ERRED IN CONSOLIDATING THE TWO INDICTMENTS FOR TRIAL.

I

Appellant argues that the court should have granted his motion to dismiss on the ground that further prosecution was barred by res adjudicata and collateral estoppel, because his

codefendant Weems was acquitted. He then proceeds to support his contention in this regard by reference to evidence adduced in the second trial of Weems. This record is not before us, and even if we could take judicial notice of the evidence in that case, we simply have no record of which we can take judicial notice, even of the fact that Weems was acquitted. There is nothing in the record on this point in the trial court, as it is abstracted here, other than the bare motion by appellant and his trial attorney's presentation of the motion in language almost identical to that of the motion. The burden was on the appellant to demonstrate error. *Sanders* v. *State*, 259 Ark. 329, 532 S.W. 2d 752. *Williams* v. *State*, 258 Ark. 207, 523 S.W. 2d 377. He has totally failed to do so.

## II

Appellant makes a very convincing argument that the Special Prosecuting Attorney, William F. Sherman, was ineligible for appointment as such, because as a member of the General Assembly, he was prohibited from serving because he would be exercising the powers of the judicial department in violation of §§ 1 and 2 of Art. 4 of the Constitution of Arkansas. He also argues that Sherman was ineligible to serve because his appointment made him a deputy prosecuting attorney and, as such, the holder of a civil office, in violation of Art. 5, § 10, of the constitution.

We take judicial notice of the fact that Sherman was, both at the time of appellant's motion and at the time of his reappointment as Special Prosecuting Attorney in May, 1976, a member of the House of Representatives of the General Assembly of the State of Arkansas. We point out that he was not in any sense of the word a deputy prosecuting attorney. A deputy is one who is clothed with the powers of the principal, but who acts in the name of his principal. *Martindale* v. *Honey*, 259 Ark. 416, 533 S.W. 2d 198; *Bingley* v. *State*, 235 Ark. 982, 363 S.W. 2d 530, cert. den. 375 U.S. 909, 84 S. Ct. 202, 11 L. Ed. 2d 148; *Johnson* v. *State*, 199 Ark. 196, 133 S. W. 2d 15. On the other hand, a special prosecuting attorney is clothed with the powers of the prosecuting attorney in the case or matters for which he is appointed, but he acts in his own name in the stead of, as a substitute for, the regularly elected prosecuting attorney, but not in his name. See *Weems* v. *Anderson*, 257 Ark. 376, 516 S.W. 2d 895.

It matters not whether we consider a special prosecuting attorney as the holder of a civil office or that he is exercising some of the powers of the judicial branch, the question is still one of eligibility for appointment. See, *Martindale* v. *Honey,* supra. It is well settled that the circuit judge had the power to appoint a special prosecuting attorney. See *Weems* v. *Anderson,* supra. In such a case, the appointee was an officer de facto. *Center Hill School District No. 32* v. *Hunt,* 194 Ark. 1145, 110 S.W. 2d 523; *Stafford* v. *First National Bank,* 182 Ark. 1169, 34 S.W. 2d 759; *Faucette* v. *Gerlach,* 132 Ark. 58, 200 S.W. 279; *Fortin* v. *Parrish,* 258 Ark. 277, 524 S.W. 2d 236; *Matthews* v. *Bailey,* 198 Ark. 830, 131 S.W. 2d 425. Thus, Sherman was a special prosecuting attorney de facto. Since he was, appellant could not question his authority or right to act as such. *Keith* v. *State,* 49 Ark. 439, 5 S.W. 880; *Logan* v. *Harris,* 213 Ark. 37, 210 S.W. 2d 301.

Appellant also contends that the reason for the original appointment of the special prosecuting attorney, i.e., the fact that the prosecuting attorney at that time was a codefendant, no longer existed and that there was no reason for the appointment of a special prosecuting attorney at the time of the last appointment. The record discloses, however, that the prosecuting attorney in office at the time of the latest appointment asserted that he was disqualified by reason of the fact that he had been, not only the chief deputy prosecuting attorney during the tenure of appellant's codefendant as prosecuting attorney, but also a partner with that codefendant in the practice of law. The circuit judge then serving, following the disqualification, appointed Sherman. The circuit court had the same power and authority to make this appointment as it did in *Weems* v. *Anderson,* supra.

III

Appellant contends that his motion to quash the indictment should have been granted for two reasons. The first reason is based upon the amendment of the indictment by the prosecuting attorney, with leave of the trial court, to add the words "the felony not having been committed" to the indictment charging conspiracy to commit a felony. Appellant argues that, by this amendment, an essential element of the crime charged was added and that, without this addition, the

indictment was defective and subject to dismissal, citing *Elsey v. State,* 47 Ark. 572, 2 S.W. 337. Whatever result might have been required at the time of the decision in *Elsey,* appellant has overlooked the effect of Initiated Act 3 of 1936. One of the sections of that act is Ark. Stat. Ann. § 43-1024 (Repl. 1977) which permits the prosecuting attorney or other attorney for the state, with leave of the court, to amend an indictment, as to matters of form, when the nature of the crime charged is not changed. Appellant contends, however, that this amendment was not a matter of form because it supplied an essential element of the crime which had not been alleged. We do not agree that this is an appropriate limitation on Ark. Stat. Ann. §43-1024. Another section of Initiated Act 3 is digested as Ark. Stat. Ann. § 43-1006 (Repl. 1977), which renders unnecessary the inclusion of any statement of the act or acts constituting the offense charged, unless the offense cannot be charged without such a statement. *Estes v. State,* 246 Ark. 1145, 442 S.W. 2d 221. That section provides that the name of the offense charged carries with it all such allegations. See also, Ark. Stat. Ann. § 43-1007, -1008 (Repl. 1977).

The indictment charged Thomas Woolsey, Doyle E. Owen and Sammy A. Weems with the crime of conspiracy to commit a felony in violation of Ark. Stat. Ann. § 41-1201. That section (Repl. 1964) provides:

> If two or more persons shall agree and conspire to commit any felony, and make some advance thereto, without committing the felony, they shall be deemed guilty of a misdemeanor.

It is clear that the indictment clearly apprised the defendants of the crime charged and that the amendment was simply a matter of form, which did nothing to change the nature of the crime otherwise clearly charged. See *Underwood v. State,* 205 Ark. 864, 171 S.W. 2d 304; *Brewer v. State,* 195 Ark. 477, 112 S.W. 2d 976; *Castle v. State,* 229 Ark. 478, 316 S.W. 2d 701.

Appellant also asserts that the indictment should have been dismissed because it omitted to allege another essential element, i.e., an overt act committed in furtherance of the alleged conspiracy, citing *Powell v. State,* 133 Ark. 477, 203

S.W. 25. We cannot agree that there was a fatal omission. It was alleged that the three persons named conspired to violate Ark. Stat. Ann. § 41-1901 (obtaining money by false pretenses) by burning the Doyle E. Owen home in Hamsite Heights Addition and making claim for the fire loss with the Hartford Insurance Company, which carried fire insurance on said home and the contents therein, with intent to defraud. Only by a technical reading of the indictment can it be said that the burning of the house was not alleged as an overt act. The allegation of the particular acts constituting the crime was not essential to the validity of this indictment, as heretofore pointed out, and the indictment was sufficient against this technical objection under Initiated Act 3. See *Williford* v. *State,* 252 Ark. 397, 479 S.W. 2d 244.

## IV

This argument was premised upon the contention that, in spite of the fact that the Chief Justice had assigned Circuit Judge Andrew Ponder to try the case, including all ancillary and subsequent proceedings, the regular judge of the circuit court of Prairie County, W. M. Lee, actually presided at his trial, over appellant's objection that he had no jurisdiction. Appellant argues that a disqualified judge could not have had jurisdiction, citing *State* v. *George,* 250 Ark. 968, 470 S.W. 2d 593 and *Hobson* v. *Cummings,* 259 Ark. 717, 536 S.W. 2d 132. The record discloses, however, that the order assigning Judge Ponder had been terminated by an Acting Chief Justice. Thus, the regular judge of the court (of both Arkansas County, to which venue had been changed and Prairie County, where the indictment was returned and to which the case was retransferred) had jurisdiction in the matter. Appellant's argument that, having once been disqualified, this judge had no power to act is without merit, because there is nothing in the record to indicate any basis for disqualification of the circuit judge in the trial of appellant.

## V

Appellant objected to consolidation of the trial on the two charges. This objection does not appear to have been made at the time of the consolidation and there does not appear to have been any abuse of the trial court's discretion

in this respect. Joinder, consolidation and severance of indictments for trial are procedural matters.[1] *People* v. *Adams,* 274 N.Y. 477, 9 N.E. 2d 46, 110 ALR 1303 (1937) and Annot. p. 1308; *Sinclair* v. *State,* 159 Tex. Cr. 35, 261 S.W. 2d 167 (1952), cert. den. 346 U.S. 830, 74 S. Ct. 20, 98 L. Ed. 354; *People* v. *Foster,* 261 Mich. 247, 246 N.W. 60 (1933). Appellant's trial was held in January, 1977. At that time the Arkansas Rules of Criminal Procedure were in effect. Rule 1.7 (d). The procedural law in effect at the time of trial governs all procedural matters. *Duncan* v. *State,* 260 Ark. 491, 541 S.W. 2d 926.

Rule 23.1 provides that two or more charges may be consolidated for trial, if the offense could have been joined in a single indictment. Under Rule 21.1, two or more offenses may be joined in one indictment when they are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan. If Rule 21.1 had been in effect when the indictments in this case were returned, they clearly could have been charged in separate counts of the same indictment. In the arson charge, it was alleged that appellant and his codefendant burned the house and the burning of the house was alleged to be a part of the conspiracy charged. Consequently, at the time of the trial, the court had the authority to consolidate the two indictments, subject to appellant's right to move for a severance. See *Atha* v. *State,* 215 Ark. 753, 223 S.W. 2d 188.

Appellant's objection came after the jury was selected and sworn. A motion for severance must be timely made before trial, unless it is based upon a ground not previously known. Rule 22.1 (a). Appellant did not actually state any ground for severance, except that there were two separate indictments. Since the objection was not made before the trial commenced, there was a waiver of severance, even if the objection is considered to be a motion for severance. Rule 22.1 (a). *Burnett & David* v. *State,* 262 Ark. 235, 556 S.W. 2d 653. Furthermore, appellant has not suggested, either here or in

[1]The test for determining whether a rule regulates procedure has been related to the following definition of procedure: "the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedies and redress for disregard or infraction of them." *Sibbach* v. *Wilson & Co. Inc.,* 312 U.S. 1, 61 S. Ct. 422, 85 L. Ed. 479 (1940).

the trial court, how he was prejudiced by the consolidation.

The judgment is affirmed.

HOLT and HICKMAN, JJ., not participating.