Charles L. Robinson, CPA Legislative Auditor Legislative Joint Auditing Committee State Capitol Little Rock, AR 72201
RE: Request for official Attorney General's Opinion as to application of Ark. Stat. Ann. 17-4208 with regard to Prosecuting Attorneys and/or Deputy Prosecuting Attorneys
Dear Mr. Robinson:
Your recent request for an official Attorney General's Opinion concerning the captioned matter presents three specific questions which are dealt with in the order presented.
Are Prosecuting Attorneys and/or Deputy Prosecuting Attorneys subject to the provisions of Ark. Stat. Ann. 17-4208 (Repl. 1980)?
Ark. Stat. Ann. 17-4208 applies to county officials and employees as defined by subsection (2) thereof as ". . . all elected county and township officers; all district judicial officers serving a county; . . .". (Emphasis supplied.)
The Constitution provides for the office of Prosecuting Attorney and places it in the Judicial Department. It is a State office and the prosecuting attorney is an officer of the State. Constitution Art. 4 1, 1; Art. 7 24; Ark. Stat. Ann. 24-119 as stated by the Supreme Court of the State of Arkansas in Martendale v. Honey, 533 S.W.2d 198, 259 Ark. 416. (1976)
A Deputy Prosecuting Attorney is one who is clothed with the powers of his principal and who acts in the name of his principal. Owen v. State, 565 S.W.2d 607, 263 Ark. 493 (1978).
The question therefore becomes that of whether or not a Prosecuting Attorney and/or a Deputy Prosecuting Attorney as an officer of the State Judicial Department is deemed a county official or employee under the category of a "district judicial officer serving a county" thereby imposing the restrictions of Ark. Stat. Ann. 17-4208.
It must be concluded that a Prosecuting Attorney and/or Deputy Prosecuting Attorney are included within the category of a "district judicial officer serving a county" and are therefore subject to the restrictions of Ark. Stat. Ann. 17-4208.
 II.
May Prosecuting and/or Deputy Prosecuting Attorneys be interested in a contract or transaction within a county, such as renting or leasing office space and/or equipment?
Since Prosecuting Attorneys and/or Deputy Prosecuting Attorneys are subject to the restrictions of Ark. Stat. Ann. 17-4208 as stated hereinabove, such transactions would be prohibited by subsection (3)(A) of 17-4208 due to the express language of the statute as follows:
 (3) Rules of Conduct. No officer or employee of county government shall:
 (a) be interested, either directly or indirectly in any contract or transaction made, authorized, or entered into on behalf of the county or an entity created by the county, or [to] accept or receive any property, money or other valuable thing, for their use or benefit on account of, connected with or growing out of any contract or transaction of a county. . . .
 III.
May Prosecutors and/or Deputy Prosecuting Attorneys provide and charge counties for civil legal services provided, in addition to the compensation received as Prosecuting and/or Deputy Prosecuting Attorney?
Prior to Act 888 of 1981 it was the statutory duty of the Prosecuting Attorney to commence and prosecute actions, both civil and criminal in which the state or any county in his district may be concerned. Pursuant to Ark. Stat. Ann. 24-101. Present law as set forth by Act 888 of 1981 (Ark. Stat. Ann. 24-135, et seq.), no longer requires the Prosecuting Attorney to commence nor prosecute civil actions on behalf of the State or county in his district and further enables the county to select a "county civil attorney" by ordinance of the Quorum Court (Ark. Stat. Ann. 24-137) and further transferred all civil duties of the prosecuting attorneys to such county attorneys (Ark. Stat. Ann. 24-139). Therefore, Prosecuting Attorneys and/or Deputy Prosecuting Attorneys would be precluded from charging counties for civil legal services by subsection (3)(A) of Ark. Stat. Ann. 17-4208 as set forth hereinabove.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Dan Kennett.