## Jim KING *v.* STATE of Arkansas

CR 89-88                                     775 S.W.2d 897

### Supreme Court of Arkansas
### Opinion delivered September 18, 1989

*Henry C. Morris,* for appellant.

*Steve Clark,* Att'y Gen., by: *David B. Eberhard,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was charged in one information with seven (7) counts of delivery of a controlled substance. Appellant was aware, at least from the date of arraignment, August 10, 1988, to the date of trial, October 31, 1988, that all counts were joined in the one information. Yet, during that time, he did not make a motion to sever the offenses. At trial, after the jury had been selected and sworn, and opening statements had been made by the State and waived by the appellant, he moved for a severance on the basis the charges were unrelated. The trial court denied the motion. We affirm.

We need not decide whether appellant had a right to severance of the offenses as he argues, *see* A.R.Cr.P. Rule 22.2(a), because, even if he had such a right, he waived it. A.R.Cr.P. Rule 22.1 provides in pertinent part:

> (a) A defendant's motion for severance of offenses or defendants must be timely made before trial, except that a motion for severance may be made before or at the close of all the evidence if based upon a ground not previously known. Severance is waived if the motion is not made at the appropriate time.

We have previously interpreted Rule 22.1 as it applies to the facts of the case now before us. In *Owen* v. *State*, 263 Ark. 493, 565 S.W.2d 607 (1978), we wrote:

> Appellant's objection came after the jury was selected and sworn. A motion for severance must be timely made before trial, unless it is based upon a ground not previously known. . . . Since the objection was not made before the trial commenced, there was a waiver of severance, even if the objection is considered to be a motion for severance.

Affirmed.