The Honorable Gus Wingfield State Auditor 230 State Capitol Little Rock, Arkansas 72201
Dear Mr. Wingfield:
This is in response to your request for an opinion on the legality of paying constitutional officers to serve as special judges. Specifically, you note that the Auditor acts as disbursing officer of the appropriation for the payment of special judges. You also note that newly adopted Act 34 of 1999 presents a potential issue in this regard. That act is entitled "An Act to Regulate State Employment of Constitutional Officers, and Their Spouses; To Establish Procedures to be Followed by Constitutional Officers, and Their Spouses, When Entering Into Grants, Contracts, or Leases with the State; and for Other Purposes." Your question in this regard is as follows:
 Can a Constitutional Officer; defined in section 1(b) of Act 34 of 1999 as the Governor, the Lieutenant Governor, the Secretary of State, the Treasurer of State, the Attorney General, the Commissioner of State Lands, the Auditor of State, members of the House of Representatives, and members of the Arkansas Senate; serve as a special judge and be paid from the state appropriation for special judges?
It is my opinion that such service and payment may be prohibited by Act 34 of 1999, but in any event, is prohibited by the Arkansas Constitution, specifically, the "separation of powers" doctrine found at Arkansas Constitution, art. 4, §§ 1 and 2.
I assume, as an initial matter, that the appropriated funds to which you refer are to pay special judges of the circuit or chancery courts. The Auditor of State administers this appropriation. See Act 3 of 1997, Section 1 (Item 13) (appropriating monies for payment of special and recalled judges for the circuit and chancery courts for fiscal years 1997-98 and 1998-99), and Act 59 of 1999 Section 1 (Item 13) (appropriating moneys for payment of special and recalled judges for the circuit and chancery courts for fiscal years 1999-00 and 2000-01). Seealso A.C.A. § 16-13-103(b) (providing for payment of special circuit and chancery judges by the Auditor of State on certification by the clerk of the court).
Act 34 of 1999, which became effective on February 9, 1999, provides in pertinent part that:
 Subject to any restrictions or conditions prescribed by the Arkansas Constitution, no person elected to a constitutional office may, after being elected to the constitutional office, and during the term for which elected, enter into employment with any state agency or employment in any noncertified position with any public school district of this state, any vocational education school funded by the state, any education service cooperative, or the Cooperative Education Services Coordinating Council unless the constitutional officer resigns prior to entering into the employment.
Act 34 of 1999, Section 2, (a)(1).
This provision prohibits constitutional officers, after their election, from entering into "employment" with any "state agency" unless they resign prior to being so employed. The term "state agency" includes "every board, commission, department, division, institution, and other office of state government whether located within the legislative, executive, or judicial branch of government. . . ." Act 34 of 1999, § 1(a) (emphasis added). In my opinion the definition of "state agency" is therefore broad enough to include a circuit or chancery court. See e.g.Venhaus v. State ex rel. Lofton, 285 Ark. 23, 684 S.W.2d 252 (1985) (holding a circuit court a state, rather than a local matter).
The term "employment," as used in Act 34 of 1999, however, is not defined. The question under Act 34 of 1999, therefore, is whether serving as a special circuit or chancery judge constitutes entering into an "employment" with a state agency.
There is only one way, according to my review of the law, for a sitting General Assembly member to serve as a special circuit or chancery judge, and that is by election of the practicing attorneys attending that court. This procedure was formerly authorized at Arkansas Constitution, art. 7, § 21. See also A.C.A. § 16-13-213 (Repl. 1994). This constitutional provision, however, was repealed by newly adopted Amendment 77 to the Arkansas Constitution. See Amendment 77, § 3. Amendment 77, however, retains the procedure for the election of a special circuit judge by the practicing attorneys, as follows:
 If a circuit, chancery, or probate judge is disqualified or temporarily unable to serve, or if the Chief Justice shall determine there is other need for a special judge to be temporarily appointed, a special judge may be assigned by the Chief Justice[1] or elected by the bar of that Court, under rules prescribed by the Supreme Court, to serve during the period of temporary disqualification, absence or need. [Emphasis added.]
Amendment 77, § 1 (c). See also Administrative Order No. 1 (governing the selection of special circuit and chancery judges by the regular practicing attorneys attending the court).
Is a special circuit judge who is "elected by the bar" of the court "employed" by a state agency within the contemplation of Act 34 of 1999? Reasonable minds might differ on this question, but in my opinion the service of a constitutional officer as a special circuit or chancery judge in nonetheless prohibited by the Arkansas Constitution.
My predecessor addressed a very similar question in 1996. See Op. Att'y Gen. 96-286 (copy enclosed). It was concluded in this opinion, and I concur, that the service of a sitting legislator as a special judge of the circuit or chancery court would violate the separation of powers doctrine found at Arkansas Constitution, art. 4, §§ 1 and 2. The opinion addresses several other constitutional provisions as well, including art. 7, § 18 and art. 5, § 10. Article 7, § 18, which is a prohibition against circuit judges holding any other offices, was deemed inapplicable to special circuit judges. Id. at 2 (relying on Maples v. RoadImprovement District No. 2, 137 Ark. 177, 208 S.W. 577 (1919). Article 5, § 10, which prohibits legislators from being appointed or elected during their terms to any "civil office under this State," was also discussed. It was concluded, however, based upon existing Arkansas case law that a question existed as to whether the temporary service as a special judge amounted to a "civil office." Clearly, in my opinion, however, such service entails the exercise of "sovereign power," a primary characteristic of a "civil office." See State Board of WorkforceEducation v. King, 99-004 (Ark.S.Ct. February 19, 1999). An oath of office is also required of such a special judge. See Administrative Order No. 1, § 5.
As a final matter, Opinion 96-286 discusses the "separation of powers doctrine," embodied at Arkansas Constitution, art. 4, §§ 1 and 2:
 The powers of the government of the State of Arkansas shall be divided into three distinct departments, each of them to be confided to a separate body of magistracy, to wit: Those which are legislative to one, those which are executive to another, and those which are judicial to another.
 No person, or collection of persons, being one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted.
The constitutional officers to which you refer are either in the executive branch of government (the seven constitutional officers listed), or in the legislative branch of government (the house and senate members). See Arkansas Constitution, Amendment 56, § 1 and art. 5, § 1. In my opinion these officers may not, consistently with the separation of powers doctrine, exercise the power of the judicial branch by serving as a special circuit or chancery judge. Such service, in my opinion, involves the exercise of judicial branch power. This was the conclusion of Op. Att'y Gen. 96-286, at least with respect to legislators. The opinion relied upon the case of Owen v. State, 263 Ark. 493, 565 S.W.2d 607
(1978) which indicated that the service of a sitting legislator as a special prosecuting attorney (a judicial branch position), would violate the separation of powers doctrine. The Owen court did not ultimately have to reach the issue, however, because, as it concluded, the issue of the dual service could not be raised collaterally by the defendant in his criminal proceeding. Once the general assembly member took the actions as special prosecutor, those actions were considered valid as the actions of a de facto officer.
The actions taken by a constitutional officer as a special circuit or chancery judge, therefore, are not subject to challenge after their rendition. The special judge's authority to serve, however, may be questioned in a separate proceeding naming him as a party and brought for that purpose. State v. Roberts, 255 Ark. 183, 499 S.W.2d 600 (1973). In any event, however, it has been held that de facto officers, although their actions are valid, are entitled to no compensation for so acting.See Sitton v. Burnett, 216 Ark. 574, 226 S.W.2d 554 (1950), and Op. Att'y Gen. 96-286.
It is therefore my opinion that the constitutional officers you reference may not legally serve as special judges and be paid from the state appropriation for special judges.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
Enclosure
[1] Section 1(D) provides that the Chief Justice, in naming special justices and judges, "may commission, with their consent, retired justices or judges, active circuit, chancery, or probate judges, orlicensed attorneys." It is therefore conceivable that the Chief Justice could appoint a general assembly member who is also a licensed attorney as a special judge. It is my understanding, however, that it is not the Chief Justice's practice to appoint licensed attorneys under this provision.