## WHITE *v.* REAGAN.

SPECIAL JUDGE—*must be qualified elector.* A person who is not a *qualified elector* can not sit as special judge of the circuit court.

A person may be a *qualified elector,* and not a *registered voter.*

RIGHT OF OBJECTION. A party may question the authority of an individual to try his case as *special judge;* if the objection is overruled, the grounds of the objection may be spread upon the record, and brought before this court, by bill of exceptions, to enable it to determine the right of said individual to exercise the powers of a special judge.

It is error for the court below to *refuse* to hear evidence, or to pass on the objections to the authority of special judge.

TIME FOR FILING PLEAS. Under the former practice the defendant has until the cause is regularly called, in its order on the docket to file pleas to the merits, and the court could not abridge the time ; and it is error to strike out pleas, before the case is so called, as not being filed in time.

JUDGMENT OF NIL DICIT. It is error to award judgment of *nil dicit* where a *plea* remains undisposed of.

*Appeal from Washington Circuit Court.*

Hon. J. M. PITMAN, Special Circuit Judge.

GARLAND & NASH, for appellant.

WARWICK, Special J.

At the February term, 1867, Reagan brought suit, in the Washington circuit court, against White and W. D. Taylor,

in debt, on promissory note. At same term White filed two pleas, and at the next term, withdrew one plea, viz: Statute of limitations. At the February term, 1868, Reagan asked and obtained leave to amend his declaration.

It appears, from the bill of exceptions, that, after the amendment was filed, White filed three special pleas, which were stricken out as not having been filed in time. At the March term, 1869, the presiding judge being disqualified to act in this and other causes, an election was had for special judge, in pursuance of article 7, section 9, of the Constitution.

At this election the Hon. JAMES M. PITMAN, "a duly licensed and enrolled attorney of said circuit court, was elected to preside as special judge, and took the oath prescribed by the Constitution."

Appellee, Reagan, at this term, (March, 1869,) filed a motion to strike out the three pleas of White, the appellant; which motion, coming on to be heard, the appellant entered and filed a protest against the Hon. JAMES M. PITMAN presiding as special judge, in the trial of this cause, for that he was disqualified from holding the office, &c.; which protest the court refused to act or decide upon, and to which refusal exceptions were taken and signed. The court sustained the motion to strike from the files appellant's three pleas.

Judgment was rendered by the court, sitting as a jury, against White and Taylor, nil dicil, from which White appeals.

The protest, filed by White against the special judge, was supported by affidavit, spread upon the records, and made a part of the bill of exceptions. Among other reasons, it assigned that the special judge was disqualified, by reason of not being a qualified elector of this State. This, if true, was a sufficient reason why the special judge could not hold the office or preside in the case. Art. 8, sec. 3, Constitution.

By the term "qualified elector," we do not mean simply a registered voter, for we conceive that one may be a qualified elector, entitled to hold office, sit on a jury, &c., and yet not be entitled to vote, under the law, for want of certificate of registration.

A qualified elector is one who is not embraced in any of the six subdivisions of article 8, section 3, of the Constitution, and a certificate of registration is evidence thereof, the want of which is not conclusive as to the right of a claimant to office.

It is the well settled rule of this court, which we shall not disturb, that a party may question the authority of an individual to try his case as a special judge; and, if the objection is overruled, the grounds of the objection, and the authority of the judge, may be spread upon the record, by a bill of exceptions, in order to enable this court to determine his right to exercise the powers of special judge in the case. *Rives v. Pettit,* 4 *Ark.,* 582; *Adams v. The State,* 11 *ib.,* 466; *Sweeptzer v. Gaines,* 19 *ib.,* 96. The refusal of the court to hear evidence or pass on the objections raised to the authority of the special judge, *pro* or *con,* was manifest error.

It was clearly error, in sustaining the motion of the appellee, to strike from the files the three pleas of the appellant. At the February term, 1868, the cause was submitted to the court, and, before judgment, the appellee was permitted to withdraw the trial and amend his declaration, and the case continued.

The cause then stood for trial, on call, at the next or a future term of the court. Under the former practice of this State, the defendant had until the calling of the case, in its regular order on the docket, to file pleas to the merits, and the court might, in its discretion, extend, but could not abridge, the time by a rule of practice. *Cornish v. Sargent,* 18 *Ark.,* 266; 12 *ib.,* 718; 10 *ib.,* 137. At the time of filing these pleas, the case does not appear to have been called, and from the record certainly was not called, in its regular order on the docket, until two terms thereafter.

The court also erred in rendering a judgment *nil dicit,* for the record shows one plea, filed by White at the February term 1867, undisposed of.

The judgment, as to appellant White, reversed, and cause remanded.

Judge GREGG, being disqualified, did not sit in this case.

Hon. W. I. WARWICK, Special Supreme Judge.