CHISM v. MARTIN.

Opinion delivered December 17, 1892.

*Special judge—Fee for commission.*

A special judge of the Supreme Court is not a "State officer," within the meaning of section 3228, Mansf. Dig., which requires that a fee of fifteen dollars shall be paid into the treasury for every commission issued to a State officer.

Appeal from Pulaski Circuit Court.

ROBERT J. LEA, Judge.

*W. E. Atkinson,* Attorney General, for appellant.

The Constitution makes it the duty of the Governoi to commission special judges. Art. 7, secs. 9, 48; *ib.* sec. 10, art. 6. Section 3228, Mansf. Dig., fixes the fee at $15. A special judge of the Supreme Court is a State officer. 72 Am. Dec. 169 and note. There are no exceptions in the act, and the courts can make none.

*J. W. Martin, pro se.*

The sole question raised is as to the proper interpretation of the words "State officer" in the act of 1881. To determine the meaning of those words, regard must necessarily be had to the intention of the act and the subject matter in respect to which the terms are used. 19 Eng. & Am. Enc. Law, p. 380, note 2; 50 Howard, Pr. (N. Y.), 91; 83 N. Y. 372.

The act of 1881 is an amendment to act February 25, 1875, and prior to this amendment no effort had ever been made to *raise revenue* by taxing commissions. As to those officers having salaries fixed by the Constitution, the act is clearly in conflict with those clauses which prohibit any diminution of such salaries. Constitution of 1874, art. 7, sec. 10, and art. 19, sec. 11; 65 N. C. 603.

When we consider the subject matter, the other commissions taxed, the scale of apportionment fixed and the context of the act, it is evident, at a glance, the legislature never for one moment contemplated that a mere *locum tenens* should have his allowance of fifty dollars taxed at the enormous rate of *thirty per cent.* The utter unreasonableness and injustice of such a mere technical interpretation manifests its absurdity. Such was not the *intention* of the legislature, and the intention must govern in each particular case. Stimson, Am. Statute Law, sec. 1021; 90 Mo. 233; Endlich on Interpretation of Statutes, secs. 25 and 27.

The position has none of the elements of a *State office.* So far as the Supreme Court is concerned, the State officers are the five regular judges, who are made "conservators of the peace throughout the state," and have power to issue writs generally, etc. Const. art. 7, sec. 4. It is entirely different as to the position in question here. It is not to fill a *"vacancy"* in office, but when a supreme judge "is disqualified from presiding in any cause the governor shall appoint a man learned in the law to sit in the trial and determination of such cause." Const. art. 7, sec. 9. Says Vattell: "That must be the truest exposition of a law which best harmonizes with its design, its objects and its general structure." Potter's Dwarris on Statutes, p. 178; Sutherland on Statutory Construction, sec. 218. Tested by this rule there can be but one conclusion in this case. It is confidently submitted to the court that in this act by the words, "every State officer" those permanent officers were evidently intended who, in the various departments, represent the State government, and it never was intended to apply to the position of a mere appointee to perform certain specific duties in respect to a particular case.

HUGHES, J.   Appellee was appointed special judge in a cause in this court, and his commission was prepared, and he declined to pay the fee of $15 required by law, and filed his complaint in the lower court to compel the said B. B. Chism, as Secretary of State, to issue his commission without a fee.   The defendant demurred to the complaint in short, which was overruled by the court.   The defendant stood on his demurrer.   Final judgment was entered ordering him to issue without fee. He excepted and appealed.

The petitioner relied on the ground that special judges were not officers, within the meaning of section 3228 of Mansfield's Digest; and upon this issue the cause was decided.

It is made the duty of the Governor by the constitution, in section 9, article 7, to commission special judges of the Supreme Court.   Section 48 of the same article provides that all officers provided for in that article, except constable, shall be commissioned by the Governor.   In 1881, long after the adoption of this constitution, the legislature passed the law in question.   It provides:   "The following fee shall be allowed for services performed by the Secretary of State, and paid into the treasury in the same manner that all other fees are or shall be directed to be paid, viz:   *   *   *   For every commission issued to a State officer $15."   Sec. 3228, Mansfield's Dig.   Section 10, article 6, of said constitution provides:   "All grants and commissions shall be issued in the name, and by the authority, of the State of Arkansas, sealed with the great seal of the State, signed by the Governor, and attested by the Secretary of State." Section 9, article 7, of the constitution, provides:   "In case all or any of the judges of the Supreme Court shall be disqualified from presiding in any cause or causes, the court, or the disqualified judge, shall certify the same to the Governor, who shall immediately commission

the requisite number of men learned in the law, to sit in the trial and determination of such causes."

In the view that we have taken of this case, it is not necessary for the court to decide whether a special judge of the Supreme Court is a State officer. He is invested with some of the functions pertinent to sovereignty, and has some of the powers and performs some of the duties which pertain to the judicial department of the government ; and, in the cases in which he is appointed to sit, he exercises the same functions as a regular judge. But, outside of these cases, he has no existence or power as a judge of the Supreme Court, and exercises none of the functions of a Supreme Judge.

The completion of his duties in the case or cases in the determination of which he is comissioned to sit *ipso facto* terminates his term and functions as a judge of the Supreme Court.

One of the characteristics of an officer is said to be tenure, duration or continuance. It has also been held that a public office need not have a continuance, and that whether the office is to expire as soon as one act is done, or is to continue for years or during good behavior can make no difference. But whether a special judge of the Supreme Court is technically a State officer or not, we think that he is not within the generally accepted meaning of these words.

The compensation of a special judge of the Supreme Court, as fixed by law, is fifty dollars in each case in which he sits. Fifteen dollars is 30 per cent of fifty dollars. At the rate of 30 per cent. on the amount of the salaries of the regular judges, the amount they would be required to pay to obtain their commission would be enormous. A tax of thirty per cent would be oppressive and unreasonable and out of all proportion to other taxes. Such a tax would be unequal, and we think there is no good reason for believing the legislature intended to tax

the commission of a special judge of this court by the act under consideration.

We conclude that the legislature, in passing the act requiring State officers to pay $15 each for their commissions, intended that it should apply only to the regular officers of the State government, and did not contemplate or intend that it would or should apply to a special judge of the Supreme Court. We therefore affirm the judgment of the circuit court.