MAPLES *v.* ROAD IMPROVEMENT DISTRICT No. 2 OF CARROLL COUNTY.

Opinion delivered January 27, 1919.

1. JUDGES — QUALIFICATIONS OF SPECIAL JUDGE — HOLDING OTHER OFFICE.—A special judge is not disqualified to hear an appeal from the county court, although he is county examiner; Const. Art. 7, § 18, providing that circuit judges shall not hold any other office not applying to special judges.

2. HIGHWAYS—ESTIMATE OF COST—NOTICE.—In a proceeding for creation of road improvement district the filing of plans, specifications and estimates of costs in the county court is ample notice to all property owners, and estimate of costs need not be shown on

county court records and orders, in petition circulated, or in notices published in a newspaper.

Appeal from Carroll Circuit Court, Eastern District; *C. E. Bennett,* Special Judge; affirmed.

*Mitchell & Trimble,* for appellants.

1. The special judge was disqualified by reason of being county examiner. He was an appointee of the county judge. Art. 7, § 18, Const.; 25 Ark. 623.

2. The estimates of costs were not shown in the petitions for the district and not included or mentioned in the notice given by the clerk. The order for the road was therefore void. 123 Ark. 205. Acts 1915, p. 1400. Due notice according to the act must be given by publication and describe the territory embraced.

*C. A. Fuller,* for appellee.

1. There is nothing in the Constitution or laws requiring a special judge to possess the same qualifications as a circuit judge. Const., Art. 7, § § 18-21. The special judge was not disqualified by reason of being county examiner.

2. The issue as to the estimates, etc., is not raised by the transcript and bill of exceptions, the only issue raised being the legal creation of the district because the estimates of cost, etc., were not set forth in the petition circulated or notice given by the clerk. The filing of the petition was sufficient. Act. No. 338, Acts 1915, Section 1 (B). The judgment of the county court shows that the estimates of cost with preliminary plans, surveys and specifications were *filed* as required by law. The order of publication showing surveys, plans, specifications, etc., was notice to all parties. 123 Ark. 205. There is no error.

HUMPHREYS, J. Appellants were remonstrants against the creation of and the assessment of benefits for Road Improvement District No. 2 in the county court of Carroll County, Eastern District thereof. The county court declared the district legally created and the benefits properly assessed under Act 338, Acts 1915, known

as the "Alexander Road Law." An appeal was prosecuted to the circuit court for the Eastern District of said County and was there heard by C. E. Bennett, special circuit judge, elected and qualified in the manner provided by law. When he took the bench, appellants filed a motion to disqualify him because he was county examiner, appointed by the county judge who heard this case. On hearing, a special finding was made that he was county examiner by appointment when elected special circuit judge. The motion was then denied and exceptions saved and preserved in the motion for new trial, which was incorporated by agreement in the bill of exceptions. The cause proceeded to hearing, and, upon the conclusion of the evidence, appellants withdrew their appeal from the order and judgment of the county court confirming and adjusting the assessment of benefits. The court thereupon held and adjudged that the district was legally formed and organized. Under proper proceedings, the case is here for determination on an agreed bill of exceptions, which, omitting signatures is as follows:

"In the Carroll Circuit Court, Eastern District.

"In the matter of the Road Improvement District No. 2, Carroll County, Arkansas.

"Charles Maples, Will Fry, remonstrants and appellants.

"It is hereby agreed by and between E. G. Mitchell, attorney for appellants, Maples, Fry *et al.* and C. A. Fuller, attorney for Road Improvement District No. 2, Carroll County, Arkansas, to save time, expense and to eliminate all matters not involved in this appeal, as follows:

"That the aforesaid Road Improvement District was created in the county court of Carroll County and from its legal formation Charles Maples, Will Fry *et al.* appealed to the circuit court of Carroll County, Eastern District, and it was then tried *de novo,* and after the introduction of evidence on behalf of the petitioners and district, attorney for the remonstrants or appellants conceded that the district was in all matters legally and

properly created in the way, time and manner provided under the 'Alexander Road Law' and the estimates of cost filed in the way, time and manner provided by law, except that said Attorney Mitchell for remonstrants contended that said estimates of costs should have been set forth and shown in the county court records and orders; that the petitions circulated should have shown and had set forth in them the estimates of costs and that the notices published by the clerk in the newspaper calling upon persons to appear in the county court and show cause why the district should not be created, etc., did not contain the estimates of costs.

"Whereupon said attorney for the petitioners and district admitted, which is a fact, that the estimates of costs were not set forth in the county court's orders and decrees, nor was it set forth nor shown in the petitions circulated and the notices published in the newspapers by the clerk.

"Attorney Mitchell agreeing that the estimates of costs were properly prepared and filed in the county court before the petitions were circulated and said estimates of costs prepared in the way, time and manner provided by law.

"It is therefore agreed that the above and foregoing may constitute a bill of exceptions for appellants, together with the orders and decrees of the county court and the circuit court and copy of estimates of costs; the appellants agreeing that the case should be approved unless their contention to the estimates of costs is correct."

Appellant presents two questions for determination in the case and propounds them in the following form:

*First.* Did the fact that the special judge was county examiner disqualify him to sit as special circuit judge?

*Second.* Is it necessary that estimates of cost of the road be shown on the county court records and orders, in the petition circulated, and in the notices published in the newspapers, same in all or any of them?

(1)   Appellant insists that the inhibition to the effect that judges of the circuit courts "shall not be allowed any fees or perquisites of office, nor hold any other office of trust or profit under this State or the United States," contained in section 18, article 7 of the Constitution of 1874, applies not only to regular circuit judges, but also to special circuit judges.   The clause in the section fixing the compensation to be paid at stated times for the services of the judges referred to, and the clause stating that the compensation shall not be diminished during the time for which they are elected, convince us that the judges mentioned in the section were those elected for a term of years.   Especially is this view confirmed when, by reference to the preceding section, we find that it provides that the judges of the circuit courts shall hold their office for the term of four years; and when we find, by reference to section 21 of the same article, that the authority of special judges shall cease at the close of the term at which they were elected.   It is argued by appellant that the same inhibition should apply to a special circuit judge that applies to a regular circuit judge, because the special judge has to fill the place of the regular judge and possess the same qualifications and exercise the same functions and powers.   We think learned counsel are in error in assuming that the qualifications for the two are the same.   By reference to section 21 of article 7 of said Constitution, it will be seen that the qualifications for a special judge are that he "shall be learned in the law and a resident of the State." By reference to section 16 of the same article of the Constitution, it will be seen that the qualifications of a regular circuit judge are much broader.   It is true that a special circuit judge exercises the same functions and powers of a regular circuit judge, but it is for a limited time only, and the same reasons for prohibiting a regular circuit judge from receiving fees and perquisites of office in addition to his salary, or from holding another office of trust during his term, do not exist as to a special judge.   The office of the one is in a nature permanent or

for a long period of time, and, for that reason, they should be removed from influences resulting from earning money in other capacities, or permitting other things to absorb their time and attention; the office of the other is only temporary and not likely to be interfered with by such influences. Another reason for holding that the inhibition contained in section 18 of said article was not intended to apply to special judges is that the office of a special judge, holding for only a few days, would not interfere, or be incompatible, with the performance of his duties as county examiner. The duties of a county examiner are entirely administrative and the duties of a special circuit judge are judicial. There is no incompatibility between the two offices. The spirit of the Constitution was to prevent two offices being held by the same man, where the duties might conflict. We are quite sure the inhibition contained in section 18, article 7 of the Constitution has no application whatever to special circuit judges. No error was committed in denying the motion to disqualify the special judge.

(2) The answer to the second question propounded by appellant, which embodied his assignment of error, must depend upon the proper interpretation of section 1 (B) of Act 338 of the Acts of 1915, known as the "Alexander Road Law." Division "B" of that section reads as follows: "Provided, however, upon application of the county judge, or of ten or more land-owners within a proposed Road Improvement District to the State Highway Commission it shall be the duty of the State Highway Commission to instruct and direct the State Highway Engineer, or his assistant, to prepare preliminary surveys, plans, specifications and estimates of the roads which it is proposed to construct and improve within said district in the same manner as set out in section 7 of this act, and file them in the county court of said county for the purpose of determining the feasibility of any road improvement and the cost thereof before said petitions are circulated, and when said preliminary plans, specifications and estimates are so made and filed the

State Highways Commission, upon the application of either the county judge or ten or more land owners, shall cause to be prepared the petitions to be circulated among the land owners in the proposed district for the purpose of obtaining a majority in land value, acreage or number of land owners as set out in the preceding section, and when such majority is obtained said petition shall be filed in the county court and a date set for a hearing and due notice thereof given to the owners of real property in said district of said hearing as provided by the preceding section, and when said hearing is so had, the organization of said district shall then proceed in the manner hereinafter prescribed."

In passing upon the same subdivision of said section in said act, this court said in the case of *Lamberson* v. *Collins,* 123 Ark. 205, that "it is very clearly expressed there that the preliminary survey, plans, specifications and estimates of costs, etc., shall be procured and filed in the county court 'before said petitions are circulated'." It was not intimated in the opinion that it was necessary, in order to comply with said subdivision, to incorporate the estimates of the cost of the contemplated road thus filed, in the petitions to be circulated, the notice to be given by the clerk or the orders or judgments of the court. It was stated by the court, however, that the obvious intention of the lawmakers was "to provide for a source of information as to the magnitude and cost of the improvement before the property owners are called on to express their choice, either favoring or opposing it." (Referring, of course, to the improvement.) We think these two declarations of the court, when read together, plainly say that, when the estimates of costs have been filed in the county court, it then becomes a source of information as to the magnitude and cost of the improvement for the inspection of those interested. It would be impractical to incorporate plans, specifications and a detailed statement of the estimates of costs of a road district either on the records of the court, in the published notices given by the clerk, or in

the petitions to be circulated for signatures of property owners. We think when the plans, specifications and estimates of costs have been filed in the county court that the filing of them constitutes a source of information where the property owner may fully acquaint himself with the extent and nature of the improvement and is ample notice to all property owners under the provisions of the act. Giving the act in question a strict construction, a filing of the plans, specifications and estimates of costs in the county court is all that is required. Any other construction would amount to the insertion of additional requirements by judicial interpretation.

The judgment is affirmed.