The Honorable Bill Clinton Office of the Governor State Capitol Little Rock, AR 72201
Dear Governor Clinton:
This is in response to your request for an opinion concerning the appointment of special justices to hear a case pending before the Arkansas Supreme Court.
You note that all seven Supreme Court justices have recused from further participation in the matter of Charles G. Johnson d/b/a Johnson Timber, et al. v. Norma Jean Sturdivant, Administratrix. You have asked, specifically, whether any statutory or constitutional provision would prohibit the appointment of all six members of the Arkansas Court of Appeals to sit as special Supreme Court justices in this case.
Article 7, Section 9 of the Constitution of Arkansas must be initially considered in this regard. This constitutional provision states as follows:
 In case all or any of the judges of the Supreme Court shall be disqualified from presiding in any cause or causes the court or the disqualified judge shall certify the same to the Governor, who shall immediately commission the requisite number of men learned in the law to sit in the trial and determination of such causes.
Article 7, Section 9 appears to place no restrictions upon the Governor's power and duty to commission special judges in this regard, other than the requirement that they be "learned in the law." Nor do we find any statutory authority offering guidance in this area.
Amendment 58 to the Constitution of Arkansas, the source of the General Assembly's power to create a Court of Appeals, must, however, also be addressed. Section 1 states:
 The General Assembly is hereby empowered to create and establish a Court of Appeals and divisions thereof. The Court of Appeals shall have such appellate jurisdiction as the Supreme Court shall by rule determine, and shall be subject to the general superintending control of the Supreme Court. Judges of the Court of Appeals shall have the same qualifications as justices of the Supreme Court and shall be selected in the manner provided by law.
Questions may arise upon the appointment of the Court of Appeals judges as special Supreme Court justices in light of the prohibition against dual office holding found in Article 7, Section 10 of the Constitution. While this prohibition applies to the Supreme Court, its provisions arguably extend to the Court of Appeals under Amendment 58's mandate that these judges "shall have the same qualifications as justices of the Supreme Court." An, of course, the dual office holding prohibition contained in Article 19, Section 6 must also be considered, even in the absence of the applicability of Section 10 of Article 7. This constitutional provision states that "[n]o person shall hold or perform the duties of more than one office in the same department of the government at the same time, except as expressly directed or permitted by this Constitution."
It is my opinion, following a review of case law in this area, that the service of the Court of Appeals judges as special Supreme Court justices in this particular case does not offend the "dual office holding" prohibition.
The Arkansas Supreme Court addressed a "dual office holding" argument in the case of Maples v. Road Imp. Dist. No. 2, 137 Ark. 177,208 S.W. 577 (1919), involving a county examiner's service as a special circuit judge. (Const. Ark. Art. 7, 18 prohibits circuit court judges from holding ". . . any other office of trust or profit under this State or the United States.") The court stated the following in rejecting the argument that Article 7, Section 18 precluded the county examiner's service as a special circuit judge:
 It is argued by appellant that the same inhibition should apply to a special circuit judge that applies to a regular circuit judge, because the special judge has to fill the place of the regular judge and possess the same qualifications and exercise the same functions and powers. We think learned counsel are in error in assuming that the qualifications for the two are the same. By reference to section 21 of article 7 of said Constitution, it will be seen that the qualifications for a special judge are that he "shall be learned in the law and a resident of the State." By reference to section 16 of the same article of the Constitution, it will be seen that the qualifications of regular circuit judges are much broader. It is true that a special circuit judge exercises the same the same functions and powers of a regular circuit judge, but it is for a limited time only, and the same reasons for prohibiting a regular circuit judge from receiving fees and perquisites of office in addition to his salary, or from holding another office of trust during his term, do not exist as to a special judge. The office of the one is in a nature permanent or for a long period of time, and, for that reason, they should be removed from influences resulting from earning money in other capacities, or permitting other things to absorb their time and attention; the office of the other is only temporary and not likely to be interfered with by such influences. Another reason for holding that the inhibition contained in section 18 of said article was not intended to apply to special judges is that the office of a special judge, holding for only a few days, would not interfere, or be incompatible, with the performance of his duties as county examiner. The duties of a county examiner are entirely administrative and the duties of a special circuit judge are judicial. There is no incompatibility between the two offices. The spirit of the Constitution was to prevent two offices being held by the same man, where the duties might conflict.
The foregoing rationale would, it seems, also apply to a special Supreme Court justice due to the similarity between the various applicable provisions. The case of Chisholm v. Martin, 57 Ark. 83,20 S.W. 809 (1892) offers further guidance in this regard wherein the Court states the following with specific reference to a special Supreme Court justice:
 But whether a Special Judge of the Supreme Court is technically a state officer or not, we think that he is not within the generally accepted meaning of these words.
57 Ark. at 86.
The Court in Chisholm, supra, noted that while a special Supreme Court justice exercises the same functions as a regular judge in the particular case(s) in which he is appointed to sit, he has no power as, nor does he exercise any of the functions as a justice of the Supreme Court. Id.
It may therefore be successfully contended that a special Supreme Court justice who holds the office of judge of the Court of Appeals does not "perform the duties of more than one office" within the meaning of Article 19, Section 6. This conclusion is further compelled by the Supreme Court's recognition of the following in reference to the function of a special circuit judge:
[Art. 7, 21] of the Constitution provides for the partial fulfillment of the office by conferring upon the special judge full power to hold that particular court in which he is elected, and to perform all the duties that the circuit judge could perform while holding that court. But a circuit judge has other powers and other duties than those performed while holding sessions of court, such as the issuance and hearing of writs of habeas corpus. . . . All of the duties of a circuit judge are not performed while holding the circuit court, while the power of a special judge is limited to holding court.
State v. Stevenson, 89 Ark. 31, 34-35, 116 S.W. 202 (1909).
The powers and duties of a special Supreme Court justice are similar to those of a special circuit judge, in that they only extend to the case which generated the appointment.
While it is my opinion, in conclusion, that there is no statutory or constitutional provision prohibiting the appointment of the Court of Appeals judges to sit as special Supreme Court justices in this particular case, it should be recognized that the "dual office holding" prohibition may apply in some instances. Part of the Court's reasoning in Maples v. Road Imp. Dist. No. 2, supra, was expressed as follows:
The duties of a county examiner, are entirely administrative and the duties of a special circuit judge are judicial. . . There is no incompatibility between the two offices. The spirit of the Constitution was to prevent two offices being held by the same man, where the duties might conflict.
137 Ark. at 182.
It is significant to note in this regard that a decision of the court of Appeals may in some instances be reviewed by the Supreme Court, pursuant to Rule 29 of the Rules of the Supreme Court. The appointment of a Court of Appeals judge as a special Supreme Court justice in that case would, it seems raise legitimate "incompatibility" questions. Your request does not involve such a case, however since this matter was appealed directly to the Supreme Court pursuant to that Court's jurisdiction over cases presenting a question in the law of torts. See Rule 29(1)(o).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.