The Honorable Stuart Vess State Representative 6717 Pontiac Drive North Little Rock, Arkansas 72116
Dear Representative Vess:
This official Attorney General opinion is issued in response to your recent question regarding special judges for municipal, circuit, and chancery courts. You have asked:
 Can a quorum court member who holds a license to practice law in the state of Arkansas serve as a special judge in municipal, circuit, and chancery courts?
It is my opinion that quorum court members who are licensed to practice law in Arkansas can serve as special judges in the circuit and chancery courts, and in municipal courts where the county does not share in the payment of the municipal judges' salaries. However, it is my opinion that quorum court members cannot serve as special judges in municipal courts where the municipal judges' salaries are paid in part by the county. It is my opinion further that quorum court members who serve as special judges must remain aware of certain limitations upon such service, as explained more fully below.
Dual Office-Holding
The question of whether a quorum court member can serve as a special judge is governed by the legal principles that have developed in relation to the issue of dual office-holding. The Arkansas Supreme Court has indicated that there are three possible types of legal prohibitions to the concurrent holding of two offices: Constitutional prohibitions, statutory prohibitions, and common law prohibitions (i.e., the "doctrine of incompatibility"). Byrd v. State, 240 Ark. 743, 402 S.W.2d 121
(1966). It is my opinion that none of these prohibitions would operate to restrict a quorum court member from serving as a special judge in circuit or chancery court, or in any municipal court where the county does not share in the payment of the municipal judges' salaries. However, it is my opinion, as explained more fully below, that both statutory law and the doctrine of incompatibility will prohibit a quorum court member from serving as a special judge in any municipal court where the municipal judges' salaries are paid in part by the county.
Constitutional Provisions
I find no constitutional provisions that would prohibit a quorum court member from serving as a special judge in circuit, chancery, or municipal court. It should be noted, however, that two constitutional prohibitions do appear, at first blush, to apply to this situation. One such constitutional prohibition is set forth in Article 7, § 18 of the Arkansas Constitution, and provides that circuit court judges shall not "hold any other office of trust or profit under this State or the United States." The Arkansas Supreme Court has explicitly held that this prohibition does not apply to special judges. Maples v. Road Imp. Dist.No. 2, 137 Ark. 177, 208 S.W. 577 (1919). It therefore does not prohibit the situation about which you have inquired. Similarly, the separation of powers provision (Article 4, § 2 of the Arkansas Constitution) would appear to prohibit a quorum court member from serving as a special judge, since the quorum court is legislative in nature, whereas special judges are clearly judicial. The separation of powers provision prohibits a person who is a member of one branch of government from exercising any power belonging to another branch of government. The Arkansas Supreme Court has held that the separation of powers provision applies only to state officers.[1] Murphy v. Townsend, 72 Ark. 180, 79 S.W. 782
(1904). See also Peterson v. Culpepper, 72 Ark. 230, 79 S.W. 783 (1906). It therefore does not operate to prohibit a quorum court member (a county officer) from serving as a special judge.
Statutory Law and the Doctrine of Incompatibility
I find that neither the common law doctrine of incompatibility nor any statutory law operates to prohibit a quorum court member from serving as a special judge in the circuit or chancery courts, or in municipal courts where the county does not share in the payment of the municipal judges' salaries.[2] However, I find that both the doctrine of incompatibility and statutory law prohibit a quorum court member from serving as a special judge in municipal courts where the municipal judges' salaries are paid in part by the county.
Under the doctrine of incompatibility, it is impermissible for any person to hold two offices that are "incompatible." The Arkansas Supreme Court has stated that two offices are "incompatible" if "there is a conflict of interests." Byrd, supra, 240 Ark. at 745. A conflict of interests exists in situations (among others) "where one office is subordinate to the other." Id. The Court has also described the incompatibility of two offices as situations in which "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," Murphy v. Townsend, 72 Ark. 180 (1904), and as situations in which "one [office] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other." Tappan v. Helena Fed. Savings Loan Assn.,193 Ark. 1023, 103 S.W.2d 458 (1937).
When the situation about which you have inquired is analyzed under these guidelines that have been set forth by the Arkansas Supreme Court, it becomes clear that the position of quorum court member and the position of special judge in the circuit and chancery courts, and in the municipal courts where the county does not share in the payment of the municipal judges' salaries, are not "incompatible."[3]
However, it is my opinion, based upon these guidelines, that the position of quorum court member and the position of special judge in municipal courts where municipal judges' salaries are paid in part by the county are "incompatible." I base this conclusion on the fact that under the provisions of A.C.A. § 16-17-115, counties are required (unless otherwise authorized) to pay a portion of the salaries of municipal judges, including special judges, and the quorum court has the responsibility of appropriating the funds for such payment. This situation gives the quorum court member some measure of control over the position of special municipal judge, and makes the special judge subordinate, in a sense, to the quorum court. This is exactly the type of situation that the Arkansas Supreme Court has described as being prohibited by the doctrine of incompatibility. I must therefore conclude that the doctrine of incompatibility prohibits a quorum court member from serving as a special judge in municipal courts where municipal judges' salaries are paid in part by the county. This situation is also prohibited by the provisions of A.C.A. § 14-14-1205(c), which states: "No justice of the peace shall . . . receive compensation or expenses from funds appropriated by the quorum court for any services performed within the county. . . ." Therefore, if the county pays the special municipal judge, a quorum court member may not serve in that position.
It should be noted that A.C.A. § 16-17-115 indicates that a different arrangement for the funding of municipal judges' salaries can be authorized. If an arrangement is authorized in which the county does not share in the payment of the municipal judges' salaries, and in which the quorum court retains no power to appropriate funds for such payment, the two positions (quorum court member and special judge in municipal court) would not be incompatible, or prohibited by A.C.A. § 14-14-1205(c).
Limitations on Dual Service
Although I find that dual service as a quorum court member and as a special judge is not prohibited in the circuit and chancery courts and in municipal courts where the county does not share in the payment of the municipal judges' salaries, I must point out certain limitations on that situation. Certain statutory and constitutional provisions could impact upon the dual service.
Article 7, § 20 of the Arkansas Constitution creates one such limitation. It states:
 No judge or justice shall preside in the trial of any cause in the event of which he may be interested, or where either of the parties shall be connected with him by consanguinity or affinity, within such degree as may be prescribed by law; or in which he may have been of counsel or have presided in any inferior court.
ARK. CONST., art. 7, § 20. Accord, A.C.A. § 16-13-214.
The scope of cases in which a public officer such as a quorum court member is "interested" is much broader than the scope of those in which a private individual is interested, because it will include all cases touching upon the concerns of the officer's public duties, as well as those touching upon that officer's private interests. For that reason, the concerns at which the above-quoted provision is addressed are heightened in a situation involving service as a special judge by a public officer such as a quorum court member, because of the increased likelihood that a case affecting that officer's interests could come before the court. Accordingly, a quorum court member who is serving as a special judge should be particularly mindful of the limitation set forth in Article 7, § 20 and in A.C.A. § 16-13-214.
A similar limitation is created by the provisions of A.C.A. §14-14-1202, which establishes an ethical standard to be followed by county employees, including quorum court members. It states in pertinent part:
 The holding of public office or employment is a public trust created by the confidence which the electorate reposes in the integrity of officers and employees of county government. An officer or employee shall carry out all duties assigned by law for the benefit of the people of the county. The officer or employee may not use his office, the influence created by his official position, or information gained by virtue of his position to advance his individual personal economic interest or that of an immediate member of his family or an associate, other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally.
A.C.A. § 14-14-1202(a).
When read in the context of a quorum court's service as a special judge, the above-quoted provision would operate to restrict the quorum court member from allowing his or her position as a quorum court member, or any information obtained through that position, to influence or call into question his or her action as a special judge. Again, because the possibility of a conflict of interest is heightened in a situation involving a public officer serving as a special judge, that officer should be particularly wary of the pitfalls at which this provision is addressed.
Summary
I find that a quorum court member who is licensed to practice law in Arkansas can serve as a special judge in the circuit and chancery courts and in municipal courts where the county does not share in the payment of the municipal judges' salaries; such dual service is not generally prohibited by the legal principles governing dual office-holding. However, I find that both the common law doctrine of incompatibility and statutory law operate to prohibit a quorum court member from serving as a special judge in municipal courts where the municipal judges' salaries are paid in part by the county.
I also find that the quorum court member who serves as a special judge can only hear cases in which he or she is not interested. Moreover, the quorum court member is prohibited from allowing his or her position as a quorum court member, or information obtained through that position, to influence or call into question his or her action as a special judge.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] Although the County Government Code contains its own separation of powers provision which is, of course, applicable to county officers, see
A.C.A. § 14-14-502(b), that provision does not apply to state or municipal officers. It therefore would not operate to prohibit a quorum court member from serving as a special judge in circuit, chancery, or municipal court.
[2] However, as discussed hereinafter, conflicts of interest may arise in individual cases, thus prohibiting the quorum court member from serving as a special judge in those specific cases.
[3] Although circuit courts are given jurisdiction to remove county officers for misfeasance and malfeasance, see A.C.A. § 14-14-1311, it is my opinion, as discussed hereinafter, that a quorum court member would be prohibited by the provisions of Article 7, § 20 of the Arkansas Constitution and of A.C.A. § 14-14-1202, from sitting as a special judge on this type of case. Because the provisions of A.C.A. § 14-14-1311 will apply to a limited number of cases, they therefore do not, in my opinion, render the two positions generally "incompatible."