The Honorable Wayne Dowd State Senator P.O. Box 2631 Texarkana, Arkansas 75502
Dear Senator Dowd:
This is in response to your request for an opinion on the following questions:
 1. Is there any constitutional or statutory requirement that a special judge of the Supreme Court (appointed by the Governor) be a resident of the State of Arkansas; and,
 2. What are the qualifications for a special judge to serve on the Arkansas Supreme Court in the event one or more of the sitting judges shall be disqualified?
You note that Arkansas Constitution, art. 7, § 6 sets out the qualifications of the judges of the Arkansas Supreme Court, including age, residency, and law practice requirements. You also note, however, that art. 7, § 9 addresses the appointment of special judges and the only apparent qualification required of them is that they be "learned in the law." You thus raise the question of the applicable qualifications of special judges of the Arkansas Supreme Court, including whether they must be residents of Arkansas.
In my opinion the answers to the questions you pose are unclear under Arkansas law. In my opinion the answers will turn upon whether a special judge of the Arkansas Supreme Court is deemed an "officer" for purposes of the general constitutional requirement that all officers possess the qualifications of an elector and be resident of the political subdivision they serve.[1] There is some Arkansas case law indicating that such special judges are not "officers," at least for some purposes, and that special judges need not possess all the qualifications of regular judges. On the other hand, there is other Arkansas authority for the proposition that even special judges, under general constitutional provisions, must be "qualified electors." Only a ruling by a court of competent jurisdiction could definitively answer the question. It is my opinion that such a court might properly decide the issue either way. An important point to be made, however, is that even if the special judge is required to be a resident of the State, and is in fact not, his service as such judge might be challenged during the pendency thereof, but his actions may not be collaterally attacked after the fact, as they will be deemed valid as those of an officer de facto.
As you have noted, Arkansas Constitution, art. 7, § 6 provides for the qualifications of the regular Supreme Court judges. It provides in pertinent part that:
 A judge of the Supreme Court shall be at least thirty years of age, of good moral character, and learned in the law; a citizen of the United States and two years a resident of the State, and who has been a practicing lawyer eight years, or whose service upon the bench of any court of record, when added to the time he may have practiced law, shall be equal to eight years.
The provision of the Arkansas Constitution governing the selection of special judges for the Supreme Court is art. 7, § 9, and it provides as follows:
 In case all or any of the judges of the Supreme Court shall be disqualified from presiding in any cause or causes the court or the disqualified judge shall certify the same to the Governor, who shall immediately commission the requisite number of men learned in the law to sit in the trial and determination of such causes.
As you have noted, the latter provision requires only an appointee "learned in the law." It does not expressly require residence in the state, qualified elector status, or that the appointee be learned in the law of Arkansas.
Nonetheless, two Arkansas constitutional provisions also bear upon the question. Specifically, art. 19, §§ 3 and 4 provide respectively as follows:
 No persons shall be elected or appointed to fill a vacancy in any office who does not possess the qualifications of an elector.
 All civil officers for the State at large shall reside within the State, and all district, county and township officers within their respective districts, counties, and townships, and shall keep their offices at such places therein as are now or may hereafter be required by law.
As an initial matter, the applicability of art. 19, § 3 might be discounted in the instant case, as the special judge is not being "elected or appointed to fill a vacancy," as those terms are interpreted in legal parlance. See State v. Green and Rock, 206 Ark. 361,175 S.W.2d 575 (1943). It may therefore be concluded that this provision does not stand as an impediment to the appointment of a non-state-resident special judge.
Further questions arise, however, under the residence requirement of art. 19, § 4. This provision applies to "civil officers" and requires civil officers for the state at large to reside within the state. A question arises as to whether this language is applicable to the position of special judge of the Arkansas Supreme Court. That is, is the special judge a "civil officer" to which this provision applies?
One Arkansas case is enlightening, if not controlling, on the question. In the case of Chism v. Martin, 57 Ark. 83 (1892), the Arkansas Supreme Court held that special judges of the Arkansas Supreme Court are not within the generally accepted meaning of the term "state officers," as that term was used in a statute requiring such officers to pay a fifteen dollar fee for the issuance of their commissions. The court stated:
 In the view that we have taken of this case, it is not necessary for the court to decide whether a special judge of the Supreme Court is a state officer. He is invested with some of the functions pertinent to sovereignty, and has some of the powers and performs some of the duties which pertain to the judicial department of the government; and, in the cases in which he is appointed to sit, he exercises the same functions as a regular judge. But, outside of these cases, he has no existence or power as a judge of the Supreme Court, and exercises none of the functions of a Supreme Judge.
* * *
 One of the characteristics of an officer is said to be tenure, duration or continuance. It has also been held that a public office need not have a continuance, and that whether the office is to expire as soon as one act is done, or is to continue for years or during good behavior can make no difference. But whether a special judge of the Supreme Court is technically a State officer or not, we think that he is not within the generally accepted meaning of these words.
Id. at 86.
If not an "officer," as held in Chism, a special judge of the Arkansas Supreme Court would not be subject to the residence and qualified elector requirements of article 19. Another Arkansas case also holds more particularly that special judges need not possess all the qualifications of the regular judge in order to serve. In Maples v. Road ImprovementDistrict No. 2, 137 Ark. 177 (1919), the court held that a special judge of the circuit court was not disqualified because he held another office (the office of county examiner). The constitutional provisions applicable to regular circuit judges prohibited such judges from holding any other office of trust or profit under the state, but the constitutional provision concerning special circuit judges required only a judge learned in the law and a resident of the state. See Arkansas Constitution, art. 7, §§ 18 and 21. The court held that the special judge was not subject to the same qualifications as the regular circuit judge in this regard, as the reason for such qualification was not as apparent with a temporary special judge. See also Weems Owens v. Anderson, 257 Ark. 376,516 S.W.2d 895 (1974) (special prosecutor need not be a resident of the judicial district under art. 7, § 24).
These cases provide some support for the proposition that special judges are not "officers" as that term is commonly understood, and need not fulfill all the qualifications required of regular judges. Neither case, however, involved the qualification of residence in the State applicable to all "officers." It is impossible to declare these cases conclusive of your questions. A court presented with the question might be persuaded by this authority even in the context of article 19, §§ 3 and 4, but a third case of the Arkansas Supreme Court casts some doubt on this statement. In the case of White v. Reagan, 25 Ark. 622 (1869) (a case decided under the previous constitution), the service of a special circuit judge was challenged upon the basis that he was not a "qualified elector" under the then general constitutional provision requiring such status of officers. The pertinent constitutional provision detailing the procedure for the selection of a special circuit judge did not address the required qualifications. The court stated that the allegation that the judge was not a qualified elector "if true, was a sufficient reason why the special judge could not hold the office or preside in the case." Id. at 623. The court thus acknowledged that qualified elector status was necessary for a special judge under general constitutional provisions even where the specific provisions governing his appointment did not so state. Implicit in this ruling is the assumption that the special circuit judge was an "officer" to which the general provision applied. The actual deficiency in the White case, however, which accounted for the judge's lack of qualified elector status, was not detailed. That is, it is unclear from a reading of the opinion whether the judge lacked the requisite residence, age, absence of criminal convictions, or some other factor necessary to confer qualified elector status. The case cannot be cited squarely on the precise question of residence under art. 19, § 4. In addition, it involved service as special circuit judge, which is in some ways distinguishable from service as a special Supreme Court judge, and of course the case was decided under a former constitution.
Arkansas case law thus appears to present something of a conflict on the question. Neither have I found any general consensus on the precise question from the law of other jurisdictions. Cf., however, Edwards v.State, 406 S.W.2d 537 (Ct. Civ. App. Texas 1966) (holding that a special probate judge appointed by the Governor was not a county officer within a constitutional provision relating to residence of county officers, and it was not necessary that the special judge, a resident of the state, be a resident of the county where the suit was pending).
Even if, however, the special judge is an "officer" who is required to be a resident of the state, and is appointed but does not possess this qualification, no collateral challenges will be allowed as to his actions while he is permitted to exercise them. In such cases, the special judge will be deemed an "officer de facto," whose actions are valid. The only way to prevent him from validly acting is to remove him from office in a direct proceeding by action of the appropriate official. See, e.g.,Appleby v. Belden Corp., 22 Ark. App. 243, 738 S.W.2d 807 (1987); Owenv. State, 263 Ark. 493, 565 S.W.2d 607 (1978); State v. Roberts,255 Ark. 183, 499 S.W.2d 600 (1973); Forrest City Grocery Co. v. Catlin,Executor, 193 Ark. 148, 97 S.W.2d 910 (1936); Faucette v. Gerlach,132 Ark. 58, 200 S.W.2d 279 (1918); Murphy v. Shepard, 52 Ark. 356,12 S.W. 706 (1889); Keith v. State, 49 Ark. 439, 5 S.W. 880 (1887); Piercev. Edington, Treasurer, 38 Ark. 150 (1882); and Kaufman Co. v. Stone,25 Ark. 336 (1869).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] An additional requirement for "officers" is that they not have certain criminal convictions. See Arkansas Constitution, art. 5, § 9.